# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MELISSA K. SHAW,<br>Plaintiff, | Case No. 1:16-cv-1133<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| COMMISSIONER OF<br>SOCIAL SECURITY,<br>Defendant. | **REPORT AND<br>RECOMMENDATION** |

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 15), the Commissioner's opposing memorandum (Doc. 16), and plaintiff's reply in support of the motion (Doc. 17).

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is

reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit has determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and

a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422. *See also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).

The first issue to address here is the amount of the total fee award plaintiff requests under § 406(b). Plaintiff acknowledges that the Social Security Administration (SSA) withheld $27,810.02, or 25% of past-due benefits in the amount of $111,240.00, for the payment of authorized attorney fees. (Doc. 15 at 11). The SSA paid $6,000.00 to counsel who represented plaintiff at the administrative level and withheld $21,810.12 for payment to counsel James Williams, who represented plaintiff in this Court, in the event he sought a fee for work performed before the Court. (*Id.*). Plaintiff asserts that she requests a reduced fee of $15,050.00 and an effective hourly rate of $700.00 for the 21.50 hours of work counsel performed in this Court. *See* Doc. 15. Thus, the total fee sought here is $15,050.00.

Plaintiff acknowledges that $3,885.00 which the Court previously awarded her attorney as a fee under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for his work in this Court must be refunded to plaintiff once the Court awards a fee under § 406(b). (*Id.* at 3). Plaintiff argues in her reply memorandum that the EAJA fee amount ($3,885.00) should therefore be deducted from the total § 406(b) fee sought ($15,050.00) before the hourly lodestar rate is calculated. (Doc. 17 at 6). This calculation yields a reduced total of $11,165.00 and an effective hourly rate of $519.30. (*Id.*).

Plaintiff's suggested approach to calculating the effective hourly rate is mistaken and leads to an erroneous result under the *Hayes* calculation. *See Ringel v. Comm'r. of Soc. Sec.*, 295 F. Supp.3d 816, 839-40 (S.D. Ohio 2018). As explained in *Ringel*:

> It is true that the EAJA's Savings Clause bars duplicative awards, and that an attorney who recovers a second, larger fee under 42 U.S.C. § 406(b) must refund the duplicate EAJA fee to the claimant. [Ftnt. omitted]. However, the effective hourly rate can be calculated only prior to the subtraction of the duplicate prior EAJA award; subtracting the EAJA award from the total fee sought is incorrect, as the EAJA fee is a wash. [Ftnt. omitted]. Here, [the] . . . effective hourly rate is calculated by reference to [the total fee requested] (including her prior EAJA award) divided by the total number of hours expended. The return of an EAJA fee is not a compromise and does not reduce the effective hourly fee sought but only prevents double recovery for the same work.

*Id*. Thus, the proper approach is to perform the *Hayes* calculation using the contingency fee amount sought of $15,050.00, without reducing that amount by the prior EAJA fee award. The Court will therefore treat plaintiff's request for a § 406(b) fee award as a request for $15,050.00 in analyzing whether the fee request is reasonable.

The requested fee of $15,050.00 falls within the 25% boundary. Thus, the issue is whether the requested fee is reasonable for the services counsel rendered. *Gisbrecht*, 535 U.S. at 807. Plaintiff asserts the requested fee is reasonable given the effort counsel expended, counsel's considerable expertise in the area of social security disability law, the somewhat more complex issues of fibromyalgia and credibility presented by her case, and counsel's success in achieving an excellent result before the Commissioner on remand. (Doc. 15 at 3, 4; Doc. 17 at 4-5, 8). Plaintiff has submitted a copy of the contingency fee agreement she entered into with counsel under which she agreed to pay counsel a contingency fee of 25% of past-due benefits. (Doc. 15 at 7). Plaintiff has also submitted an itemized billing sheet showing that her attorney performed a total of 21.50 hours of work on the case in the District Court. (*Id*. at 6). As evidence of the standard rate in the relevant market, plaintiff relies on (1) counsel's affidavit, and (2) a fee survey conducted and published by the Ohio State Bar Association, *The Economics of Law*

4

*Practice in Ohio in 2013.*[1] (*Id.* at 15-16, 17-18). In his affidavit, counsel states that he was admitted to practice in Ohio in November 1975; he was employed by the Social Security Office of Hearing and Appeals as an attorney-advisor for six years; he has represented social security disability claimants working out of the downtown Cincinnati area since November 1982; he has pursued over 400 disability appeals in federal district court; and he has spoken at social security seminars and served on the board of a claimants' representatives organization since 1994. (*Id.*). Counsel states that although the vast majority of his practice involves cases he takes on a contingent fee basis, he occasionally takes miscellaneous cases for which he charges an hourly rate of $350.00. (*Id.* at 16; Doc. 17 at 5-6). The hourly rate is in line with the rates reflected in the Ohio State Bar Association survey, which shows 2012 hourly billing rates ranging from $325 at the 75th percentile to $350 at the 95th percentile with a median rate of $250 for social security attorneys, and hourly rates ranging from $300 at the 75th percentile to $450 at the 95th percentile with a median rate of $225 to $250.00 for attorneys across all areas of practice who have 26 to 35/36+ years of experience (the categories plaintiff's counsel fell in from 2016 to 2018, the years he worked on plaintiff's case before this Court).

The Commissioner opposes plaintiff's motion. (Doc. 16). The Commissioner contends that awarding the full contingency fee of $15,050.00 sought by counsel would result in an inordinately large fee and constitute a windfall for counsel under the principles set forth in *Lasley*, 771 F.3d 308. The Commissioner asserts that *Lasley* instructs the Court to consider the

---

[1] The Ohio State Bar Association study has been found to be satisfactory evidence in other contingency fee cases that the standard hourly rate requested is "in line with the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Robinson v. Comm'r of Soc. Sec.*, No. 2:13-cv-1055, 2015 WL 401477, at *3 (S.D. Ohio Jan. 28, 2015) (Report and Recommendation) (King, M.J.), *adopted*, 2015 WL 1291146 (S.D. Ohio Mar. 18, 2015) (Sargus, J.); *Buttrey v. Astrue*, No. 1:11-cv-357, 2016 WL 212960, at *3 (S.D. Ohio Jan. 19, 2016) (Barrett, J.). *But see Ringel*, 295 F. Supp.3d at 830 (rejecting plaintiff's proffer of 2004 survey of average rates in the downtown Cincinnati area and the Ohio State Bar Association survey as evidence of a "standard rate" of more than $200.00 per hour for social security attorneys in favor of an EAJA-based "standard rate," in the absence of evidence of counsel's normal billing rate for comparable, noncontingent work).

5

following factors to determine whether the requested fee constitutes a windfall to counsel: the relation of the requested fee to counsel's standard hourly rate, whether counsel delayed in filing the § 406(b) motion, whether the Commissioner opposes the fee, and the complexity of the issues involved in the case. *Id.* at 310.

Dividing the $15,050.00 that counsel seeks by the 21.50 hours counsel worked on the case before this Court produces a hypothetical hourly fee of $700.00. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 421-22 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id.*

The Commissioner argues that an award of the requested § 406(b) fee would constitute a windfall because plaintiff's counsel "appears to admit that an acceptable standard rate is $180.70," the rate the parties agreed to in the stipulated Equal Access to Justice (EAJA) fee award in this case, and *Lasley* "endorsed" adopting the hourly rate from the EAJA fee petition as the standard rate for a § 406(b) fee request. (Doc. 16 at 4, citing *Lasley*, 771 F.3d at 310) ("Here,

6

the effective hourly rate of $733.80 ($26,049.73 ÷ 35.5 hours) grossly exceeded - indeed, more than quadrupled - the standard rates applied to social security fee requests in the Southern District of Ohio.") (citing, e.g., *Jones v. Astrue*, No. 3:09-cv-80, 2012 WL 3251865, at *3 (S.D. Ohio Aug. 8, 2012) (Report & Recommendation) ("using 'conservative' hourly rate of $180"), *adopted*, 2012 WL 3763909 (S.D. Ohio Aug. 29, 2012); *Edwards v. Commr. of Soc. Sec.*, No.1:08-cv-815, 2011 WL 1002186, at *1 (S.D. Ohio Mar. 16, 2011) ("relying on $165 hourly rate approved in counsel's application for fees under the [EAJA] as standard rate for assessing the reasonableness of the contingency fee under § 406(b)").[2] The Commissioner asserts that the Sixth Circuit in *Lasley* adopted standard rates of $165.00 to $180.00, which cost of living increases have since pushed to $190.00, and "subsequent" cases have "explicitly" adopted hourly rates of approximately $180.00 as the standard hourly rate in § 406(b) fee cases. (Doc. 16 at 4-5, citing cases).[3] The Commissioner argues that an "hourly rate of twice [$190], or $380-$400, appears to be an appropriate rate for this jurisdiction." (*Id*. at 5). The Commissioner contends that while some cases decided by this Court support hypothetical hourly rates that exceed $360, these decisions either pre-date *Lasley* or were decided without referring to *Lasley*. (*Id*., citing

---

[2] The Commissioner did not oppose the § 406(b) fee request in *Edwards*, and the standard hourly rate was not contested. The Court found only that the hourly rate was "per se reasonable" because dividing the maximum possible contingency award by the hours of work yielded an hourly rate of $312.26, which was less than twice the $165.00 hourly rate approved by the Court for the EAJA fee. *Id*., at *1. The Court did not discuss the merits of adopting the EAJA fee hourly rate when deciding a § 406(b) fee request.

[3] Four of the six cases the Commissioner cites were not decided subsequent to *Lasley* but instead pre-date the decision, which was issued in November 2014, by more than two years. The other two decisions were issued very shortly after *Lasley* in 2014, but the Court did not adopt a standard hourly rate for contingent fee awards in either case. *See Santiago v. Commr. of Soc. Sec.*, No. 1:12-cv-00498, 2014 WL 6687130, at *1 (S.D. Ohio Nov. 26, 2014); *Johnson v. Commr. of Soc. Sec.*, No. 1:12-cv-00590, 2014 WL 7272201, at *2 (S.D. Ohio Dec. 18, 2014). The Court acknowledged in each case that the § 406(b) fee request amounted to more than twice the rate the Court had recently been awarding for EAJA petitions; however, the Court found this "does not necessarily render it unreasonable, and we are mindful of the role that contingent fee agreements play 'to assure social security claimants of good representation.'" *Santiago*, 2014 WL 6687130, at *1 (quoting *Hayes*, 923 F.2d at 422); *Johnson*, 2014 WL 7272201, at *2.

cases[4]). The Commissioner alleges that this Court has "recently" allowed higher § 406(b) fees, and "trends" in this jurisdiction allowing § 406(b) fees that exceed $360.00 per hour suggest that "an hourly rate of $400 may be the new recognized maximum in this jurisdiction." (*Id.* at 6-7) (citing cases[5]). The Commissioner requests that counsel's hourly rate be reduced to $400.00 in line with this "trend." (*Id.*).

Plaintiff argues that the Court should not adopt the hourly EAJA rate for purposes of determining the reasonableness of the § 406(b) fee request. (Doc. 17). First, plaintiff disputes the Commissioner's representation that by stipulating to the EAJA fee award, counsel admitted that the hourly rate awarded under EAJA is counsel's standard hourly rate. Plaintiff asserts that the EAJA fee request did not take into account the outcome of plaintiff's disability claim following remand, and the hourly rate under EAJA and § 406(b) are not related. Plaintiff argues that the Commissioner's suggested approach of adopting a maximum hourly rate of $400.00 for § 406(b) fee awards fails to take into account an attorney's level of experience; an attorney's expertise in the area of social security disability cases; and the complexity of the specific case in which the work was performed. Plaintiff submits that counsel's standard hourly rate which he charges for non-contingent matters is $350.00, and that hourly rate is consistent with the hourly rates of other attorney in downtown Cincinnati with counsel's level of experience. (*See* Doc. 15 at 17; Doc. 17 at 5-6).

The Court finds that awarding the full fee requested in this case would not constitute a windfall to counsel. Plaintiff has submitted documentation which establishes that her attorney's

---

[4] The most recent decision the Commissioner cites was issued nearly four years ago, shortly after the decision in *Lasley*. (Doc. 16 at 5, citing *Davies v. Colvin*, No. 3:12-cv-00355, 2015 WL 859564, at *1 (S.D. Ohio Feb. 27, 2015) (Report and Recommendation), *adopted*, 2015 WL 1291156 (S.D. Ohio Mar. 18, 2015)).

[5] All of the cases the Commissioner cites to illustrate this allegedly "new" and "recent" trend were decided in 2014.

8

standard hourly rate is $350.00. Given counsel's expertise in the area of social security disability law, counsel's noncontingent hourly rate of $350.00 is in line with the hourly rates reflected in the fee survey for both practitioners in his field and attorneys across all fields of practice. The undersigned notes that judges in this jurisdiction have consistently approved hypothetical hourly rates close to or exceeding $700.00 (twice counsel's standard rate) in comparable cases. *See Martin v. Comm'r of Soc. Sec.*, No. 3:13-cv-00336, 2017 WL 443137, at *2 (S.D. Ohio Feb. 2, 2017) (Report and Recommendation) (Newman, M.J.), *adopted sub nom. Martin v. Berryhill*, 32017 WL 680646 (S.D. Ohio Feb. 21, 2017) (Rose, J.) (contingency fee of $13,250.00 and hypothetical hourly rate of $690.10 for 19.2 hours of work approved based on evidence of counsel's extensive experience in social security disability matters, the excellent result counsel achieved for the plaintiff, counsel's efficient handling of the matter, and fact that plaintiff agreed to the contingency fee); *Havens v. Comm'r of Soc. Sec.*, No. 2:12-cv-0637, 2014 WL 5308595, at *2 (S.D. Ohio Oct. 16, 2014) (Kemp, M.J.) (Report and Recommendation), *adopted*, 2014 WL 6606342 (S.D. Ohio Nov. 20, 2014) (Smith, J.) (contingency fee of $18,562.50 and effective hourly rate of $750.00 approved where counsel handled the matter with expertise and efficiency, and counsel voluntarily limited the requested amount to 25% of back benefits accrued at the time of the ALJ's decision); *Meyer v. Comm'r*, No. 1:15-cv-207, Doc. 26, 10/31/2016 Order (Barrett, J.) (fee award of $16,412.25 made at effective hourly rate of $702.88 for 23.35 hours of work) (*see* Doc. 23-3 at 3); *Jodrey v. Comm'r of Soc. Sec.*, No. 1:12-cv-725, 2015 WL 799770, at *2 (S.D. Ohio Feb. 25, 2015) (Report and Recommendation) (Litkovitz, M.J.), *adopted*, No. 1:12-cv-725, 2015 WL 1285890 (S.D. Ohio Mar. 19, 2015) (Barrett, J) (effective hourly rate of $700.00); *Pickett v. Astrue*, No. 3:10-cv-177, 2012 WL 1806136 (S.D. Ohio May 17, 2012)

9

(Black, J.) (effective hourly rate of $709.00). The Court's reasoning in *Pickett* continues to be persuasive. The Court in *Pickett* stated:

> Such a high hypothetical hourly rate arguably falls within the range of what may be perceived as a "windfall." However, the Court notes that Plaintiff's counsel's work on behalf of Plaintiff resulted in a significant, though not inordinate, award of past-due benefits. Further, Plaintiff voluntarily entered into the contingency fee agreement with counsel and counsel undertook and assumed the risk of non-payment, which is the nature of contingency fee agreements. In addition, there is no suggestion nor even a hint of impropriety regarding the agreement between Plaintiff and Plaintiff's counsel, and, as already noted, Plaintiff's attorney's work proved greatly successful.

*Id.*, at *2.

This same analysis applies here and supports awarding the requested fee. Counsel did not unduly delay the resolution of this matter, and he achieved an excellent result. The case was reversed and remanded and plaintiff was awarded benefits on remand. Counsel's work resulted in a significant award of $111,240.00 in past-due benefits. Plaintiff's appeal involved interrelated issues of fibromyalgia and credibility, which tend to be more complex than a number of issues frequently addressed in disability appeals. Further, plaintiff voluntarily entered into the contingency fee agreement with counsel and counsel undertook and assumed the risk of non-payment. Counsel has acknowledged that any award of fees under § 406(b) must be offset by the previous award of EAJA fees in the amount of $3,885.00 (*see* Docs. 13, 14), as required under *Jankovich v. Bowen*, 868 F.2d 867, 871 and n.1 (6th Cir. 1989) (recognizing that while a claimant may be awarded fees under both the EAJA and the Social Security Act, "any funds awarded pursuant to the EAJA serve as reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel" and should be awarded to the client). (Doc. 15 at 3-4). Finally, as discussed above, comparable rates have been awarded in similar cases in this District Court.

In view of these considerations and having reviewed plaintiff's § 406(b) fee request in light of the remaining criteria set forth in *Gisbrecht* and *Rodriquez*, the Court finds that a fee of $15,050.00 is reasonable for the work plaintiff's counsel performed in this Court. To the extent the $3,885.00 EAJA fee has been paid to counsel, that fee must be refunded to plaintiff.

The Court therefore **RECOMMENDS** that plaintiff's § 406(b) motion for attorney fees be **GRANTED** and counsel be **AWARDED** attorney fees in the amount of **$15,050.00** under 42 U.S.C. § 406(b)(1)(A).

Date: 10/28/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MELISSA K. SHAW,
Plaintiff,

Case No. 1:16-cv-1133
Barrett, J.
Litkovitz, M.J.

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).